UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**600 CLEVELAND, LLC,**

    **Plaintiff,**

v.                                                **Case No.: 8:24-cv-1652-KKM-AAS**

**BANK OF AMERICA, N.A.,**

    **Defendant.**
_____/

## ORDER

Defendant Bank of America, N.A. (Bank) moves to compel the production of documents and extend discovery on a limited basis. (Doc. 69). Plaintiff 600 Cleveland, LLC, (Cleveland) responds in opposition. (Doc. 70).

**I.   The Motion to Compel**

This motion to compel arose out of dispute over four items Bank discovered through the deposition of Mr. Jacob on August 28, 2025. (Doc. 69 at p.4). The items are: (1) buildings plans; (2) bankers boxes; (3) text messages; and (4) deposition notes. At the time of Bank's filing of this motion, Bank understood the motion to be uncontested as to the building plans and bankers boxes. (Doc. 69 at p.6). The motion is now uncontested as to three items. First, Cleveland produced twelve bankers boxes to the Bank's vendor. (Doc. 70 at p.4). Second, Cleveland electronically produced the building plans to Bank's counsel. (*Id.*) Lastly, on September 12, 2025, Cleveland electronically produced

1

all the text messages to Bank's counsel. The deposition notes are the only remaining dispute.

Bank requests the court compel the review and production of Mr. Jacob's deposition notes (Notes). (Doc. 69 at p.12). Bank contends the notes Mr. Jacob's took "of his own volition while attending at least four previous depositions in this matter are discoverable and responsive to [Bank's] requests." (Id.) Cleveland contends the Notes are not responsive, are protected by the attorney-client privilege, and are protected by the work product privilege.

Generally, a party is entitled to discover relevant evidence unless the opposing party can meet its burden of establishing a privilege or the work product doctrine exempts discovery. *See Republic of Ecuador v. Hinchee*, 741 F.3d 1185, 1189 (11th Cir. 2013). Federal Rule of Civil Procedure 26(b)(3), sets forth the work product doctrine and states:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> 1. They are otherwise discoverable under Rule 26(b)(1); and
>
> 2. The party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3). "[W]ork product may be either fact work product,

which protects information gathered in anticipation of litigation, or opinion work product, which consists of mental impressions, opinions, or legal theories." *Gualtieri v. TD Bank, Nat'l Ass'n*, No. 8:10-CV-1468-T-27TBM, 2011 WL 13302505 at *2 (M.D. Fla. Mar. 10, 2011). "Fact work product is subject to qualified protection and may be discoverable upon a showing of substantial need and an inability to obtain the substantial equivalent of the materials by other means without undue hardship." *Bingham v. Baycare Health Sys.*, No. 8:14-CV-73-T-23JSS, 2016 WL 1546504 at *4 (M.D. Fla. Apr. 15, 2016) (citations omitted). In contrast, "opinion work product enjoys a near absolute immunity and can be discovered in only very rare and extraordinary circumstances." *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994) (citation omitted).

"In deciding whether to order production of such privileged materials, courts have relied on a balancing test, considering three relevant factors: (1) whether witness 'coaching' may have occurred; (2) whether the documents reviewed constitute 'factual' or 'opinion/core' work product; or (3) whether the request constitutes a fishing expedition.*" In re Seroquel Products Liab. Litig.*, No. 606MD-1769ORL-22DAB, 2008 WL 215707 at *3 (M.D. Fla. Jan. 24, 2008), *aff'd*, No. 6:06MD1769 ORL22DAB, 2008 WL 591929 (M.D. Fla. Feb. 28, 2008).

The work product doctrine applies to the Notes because Mr. Jacob, a non-

3

testifying consultant, prepared the Notes in anticipation of litigation, specifically "to assist with trial preparation and strategy." (Doc. 70-3 at ¶ 9). *See U.S. ex rel. Civil Const. Techs., Inc. v. Hanover Ins. Co.*, No. 6:13-MC-42-ORL-18TBS, 2013 WL 1810817 at *3 (M.D. Fla. Apr. 29, 2013) (supporting that the work product rule protects against the disclosure of information created or learned by a non-testifying consultant made in preparation for litigation). The Notes are a mixture of fact and opinion work product because they contain Mr. Jacob's "mental impressions, conclusions, opinions and legal theories," summary of testimony he though relevant, and "questions and comments [Mr. Jacob] intended to address with Shutts." (Docs. 70 at p. 14–15; 70-3 at ¶¶ 16– 17).

The opinion work product includes Mr. Jacob's "mental impressions, conclusions, opinions and legal theories" and "questions and comments [Mr. Jacob] intended to address with Shutts." No rare and extraordinary circumstances are present to justify the discovery of the opinion work product. *Cf. Cozort v. State Farm Mut. Auto. Ins. Co.*, 233 F.R.D. 674, 676 (M.D. Fla. 2005) (stating "[f]ederal courts have found the existence of such circumstances in the bad faith lawsuit context, where the information sought is directly at issue and the need for its production is compelling"); *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 288 F.R.D. 222 (D.D.C. 2012) (commenting "[e]xceptional circumstances '"may exist when a non-testifying expert's report

4

is used by a testifying expert as the basis for an expert opinion, or where there is evidence of substantial collaborative work between a testifying expert and a non-testifying expert.'" (citation omitted).

The fact work product includes Mr. Jacob's summary of what he believed to be the relevant deposition testimony. Bank does not have substantial need or inability to obtain the substantial equivalent of the fact work product without undue hardship. As a party in the action, Bank could create its own factual summaries of the relevant testimony without undue hardship.

Further the record does not indicate any "witness coaching" occurred that would weigh in favor of disclosure. Therefore, the Notes are protected under the work product doctrine. Because the notes qualify under work product protection a review of relevancy and the attorney client privilege related to the Notes is unnecessary. Accordingly, the motion to compel the Notes is **DENIED**.

## II.  The Motion to Extend the Discovery Period

Bank moves the court, "[t]o the extent the Court orders . . . additional document production," to briefly extend the discovery period to allow Bank to conduct an additional deposition "to the extent the newly produced documents warrant such a deposition." (doc. 69 at p. 13). The current discovery deadline is August 29, 2025. The current dispositive and Daubert motion deadline is September 30, 2025.

Federal Rule of Civil Procedure 16(b)(4) provides that once the court enters a scheduling order, the "schedule may be modified only for good cause and with the judge's consent." The "good cause standard precludes modification [of the scheduling order] unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b) advisory committee's note). "A finding of lack of diligence on the part of the party seeking modification ends the good cause inquiry." *Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1277 (M.D. Fla. July 1, 2002); *see also Barnette v. Fed. Express Corp.*, No. 2:10-cv-471-FtM-36SPC, 2011 WL 2413437, at * 1 (M.D. Fla. June 14, 2001).

Bank fails to establish the requisite diligence or good cause to modify the CMSO and extend the discovery deadline. *See* Middle District Civil Discovery Handbook § (I)(F) ("The Court follows the rule that the completion date means that all discovery must be completed by that date. . . . Counsel . . . should not expect the Court to resolve discovery disputes arising after the discovery completion date"); *Zurich Am. Ins. Co. v. European Tile & Floors, Inc.*, No. 8:16-CV-729-T-33AAS, 2017 WL 638640 at *2 (M.D. Fla. Feb. 16, 2017) (declining to extend the discovery date because counsel should have been diligent in anticipation of the summary judgment deadline).

Accordingly, Bank's Motion to Extend Discovery on a Limited Basis (Doc.

69) is **DENIED**.

**ORDERED** in Tampa, Florida on September 19, 2025.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

7