UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**600 CLEVELAND, LLC,**

     **Plaintiff,**

**v.**                            **Case No.:  8:24-cv-1652-KKM-AAS**

**BANK OF AMERICA, N.A.,**

     **Defendant**

_____/

## REPORT AND RECOMMENDATION[1]

Defendant Bank of America, N.A. (BANA) moves for a determination that, as the prevailing party, they are entitled to an award of their attorneys' fees and non-taxable expenses against Plaintiff 600 Cleveland, LLC (600 Cleveland). (Doc. 110). 600 Cleveland opposes the motion. (Doc. 121). It is **RECOMMENDED** that the defendant's motion for entitlement to an award of attorneys' fees and non-taxable expenses against the plaintiff (Doc. 110) be **GRANTED**.

## I.    BACKGROUND

On May 23, 2024, 600 Cleveland brought a claim for breach of contract against BANA in the Circuit Court of the Sixth Judicial Circuit for allegedly

---

[1] Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure states in relevant part that "the court . . . may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter."

violating the parties' Office Lease Agreement ("Lease"). (Doc. 1-1). On July 11, 2024, BANA removed the case to this court. (Doc. 1). On September 3, 2024, BANA filed its Amended Answer and Counterclaims. (Doc. 24). 600 Cleveland sought $2,774,096.16 in cost for repair damages and $501,902.24 for lost rent. (Doc. 24). 600 Cleveland also sought $1,946,999.38 in pre-judgment interest in addition to attorneys' fees and costs. *Id.* BANA sought $160,882.01 for overpaid common area maintenance, pre- and post-judgment interest, attorneys' fees, and costs. (Docs. 81, 24).

Both parties moved for summary judgment. (Docs. 81, 85). On January 23, 2026, the court entered an order granting BANA's motion for summary judgment on 600 Cleveland's breach of contract claim. (Doc. 107). The court granted BANA's counterclaims in part, awarding it $35,063.17 and holding that the rest of the claims were barred by the statute of limitations. *Id.*

On February 9, 2026, BANA filed its motion for entitlement to attorneys' fees and non-taxable costs.  (Doc. 110). 600 Cleveland opposes that motion. (Doc. 121).

The Lease, the core operating document in this action, contains a prevailing party attorneys' fees provision, stating:

> In the event of suit between [600 Cleveland] and [BANA] arising out of the terms of this Lease, the prevailing party in such action shall be entitled to recover from the other party all

reasonable expenses incurred including reasonable costs and attorneys' fees.

(Doc. 82-2).

## II.    ANALYSIS

### a. Attorneys' Fees

"When the parties to a contract determine that the prevailing party in any litigation shall be entitled to attorneys' fees, it is the court's duty to enforce the attorneys' fee provision in the parties' contract." *Davis v. Nat'l Med. Enters. Inc.*, 253 F.3d 1314, 1321 (11th Cir. 2001); *see Pelican Bay Homeowners Ass'n, Inc. v. Sedita,* 724 So. 2d 684, 685 (Fla. 5th DCA 1999) ("When parties by contract determine that the prevailing party in any litigation shall be entitled to attorney's fees, the question before the court is not whether fees should be awarded; the issue is which is the prevailing party.").

The principle that guides motions for attorney's fees is the American Rule: Each party must pay its own attorney's fees unless a statute or contract provides otherwise. *Baker Botts LLP v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quotation and citation omitted). In diversity cases, a party's entitlement to attorney's fees is determined by state law. *See Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008). Florida follows this common law rule. *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004). Under Florida law the "prevailing party" for the purposes of determining entitlement to

attorneys' fees is the party that prevailed on "the significant issues in the litigation." *Moritz v. Hoyt Enters., Inc.*, 604 So. 2d 807, 810 (Fla. 1992); *see also Prosperi v. Code, Inc.*, 626 So. 2d 1360, 1363 (Fla. 1993) (instructing that the court should look to which party prevailed on the "significant issues"). Particularly, the court asks "whether the party 'succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Moritz*, 604 So. 2d at 809–10 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). In other words, the prevailing party is one who obtains a "material alteration of the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)

"[T]he lack of success by a defendant on a counterclaim does not disqualify a defendant from 'prevailing party' status in the litigation." *Chow v. Chak Yam Chau*, 640 F. App'x 834, 841 (11th Cir 2015). When a defendant brings counterclaims against the plaintiff, courts generally follow the rule that "where a plaintiff loses on his complaint, the defendant is the prevailing party whether he is a successful counterclaimant or not." *Davis Grp. Inc. v. Ace Elec., Inc.*, No. 6:14-CV-251-ORI-TBS, 2016 WL 11455984, at *6 (M.D. Fla. Aug. 31, 2016) (quoting *Scutti v. Daniel E. Adache & Assocs. Architects, P.A.*, 515 So. 2d 1023, 1024 (Fla. 4th DCA 1987)); *see also Leon F. Cohn, M.D., P.A. v. Visual*

4

*Health and Surgical Center, Inc.*, 125 So. 3d 860, 864 (Fla. 4th DCA 2013) ("When one party loses in an action for breach of contract, the adverse party is the prevailing party," regardless of the outcomes of the counterclaims); *In re Basil St. Partners*, LLC, No. 9:11-BK-19510-FMD, 2013 WL 4461566, at *4 (Bankr. M.D. Fla. Aug. 19, 2013) ("Under Florida law, when a defendant prevails on each count in which it was named as a defendant, it is the prevailing party, regardless of whether the defendant also unsuccessfully brought counterclaims against the plaintiff.").

Here, BANA prevailed against 600 Cleveland's claims. Contrary to 600 Cleveland's argument, even though BANA's counterclaims partially failed, BANA is the "prevailing party" for purposes of assessing attorneys' fees and costs. The court granted BANA's motion for summary judgment "regarding 600 Cleveland's sole claim and BANA's breach of contract counterclaim…." (Doc. 107, p. 38). In contrast, 600 Cleveland secured no affirmative relief on its claims. (Doc. 107). BANA, as the prevailing party, is entitled to recover reasonable attorneys' fees and costs in amounts to be determined. *See Cain v. One Stop PC Help, Inc.*, No. 8:15-cv-1071-T-27TBM, 2017 WL 10241541, at *7 (M.D. Fla. Jan. 17, 2017), *report and recommendation adopted*, 2017 WL 102415539 (M.D. Fla. Feb. 6, 2017) (holding that "[p]laintiff is entitled to reasonable attorney's fees as the prevailing party.").

### b. Non-Taxable Costs

When parties contract that one party may recover any and all reasonable costs and expenses incurred, "the words 'costs' and 'expenses' denotes that there was an agreement that the prevailing party would be entitled to expenses in addition to the costs enumerated in [28 U.S.C.] § 1920" and thus, that party should "recover all costs and expenses." *Apple Glen Invs., L.P. v. Express Scripts, Inc.*, No. 814RCVR1527RTR33TGW, 2018 WL 2945629, at *18 (M.D. Fla. May 25, 2018), *report and recommendation adopted*, No. 8:14-CV-1527-T-33TGW, 2018 WL 2937469 (M.D. Fla. June 11, 2018). This court has held that contracts with such "language of 'attorney's fees and costs' was 'broad enough language to cover the award of both taxable and nontaxable costs.'" *Id.* (quoting *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017)). Because the Lease provides that BANA is entitled to recover "all reasonable expenses incurred including reasonable costs," BANA should be entitled to recover non-taxable costs based on the lease agreement's broad language. (Doc. 82-2); *see Apple Glen Invs.*, 2018 WL 2945629, at *18 (calling "all reasonable costs and expenses" broad language); *see also United States of Am. For Use of Stonebridge Constr. Servs. LLC v. N. Am. Specialty Ins. Co.*, No. 3:19-CV-514-BJD-PDB, 2024 WL 4287857, at *24–25 (M.D. Fla. July 31, 2024), *report and recommendation adopted sub nom. United States v. N. Am. Specialty Ins. Co.*,

6

No. 3:19-CV-514-BJD-PDB, 2024 WL 4284977 (M.D. Fla. Sept. 25, 2024); *Davis v. Nat'l Med. Enters., Inc.*, 253 F. 3d 1314, 1321 (11th Cir. 2001) ("When the parties to a contract determine that the prevailing party in any litigation shall be entitled to attorneys' fees, it is the court's duty to enforce the attorneys' fees provision in the parties' contract.").

## III.  CONCLUSION

The undersigned recommends that BANA be entitled to fees and non-taxable costs under the contractual provisions of the Lease. Accordingly, it is **RECOMMENDED** that BANA's motion on entitlement to attorneys' fees and non-taxable costs be **GRANTED.**[2]

**ENTERED** in Tampa, Florida, on March 16, 2026.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

---

[2] "Within forty-five days after the order determining entitlement, the party claiming fees and expenses must file a supplemental motion" on the amount of fees the moving party requests. Local Rule 7.01(c), M.D. Fla. This report is not an order. Consequently, the entry of this report does not start the forty-five-day timeframe for filing a supplemental motion. Rather, if the District Judge adopts this report's recommendation, that order will commence the forty-five days within which the BANA must file its supplemental motion.

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to request an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.