UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**600 CLEVELAND, LLC,**

     **Plaintiff,**

v.                                                                    **Case No. 8:24-cv-1652-KKM-AAS**

**BANK OF AMERICA, N.A.,**

     **Defendants.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Defendant Bank of America, N.A., (BANA) moves for an award of taxable costs in the amount of $28,484.54. (Doc. 111). Plaintiff 600 Cleveland, LLC (600 Cleveland) opposes the amount of costs requested and contends BANA is only entitled to tax $14,669.22 in costs. (Doc. 121). For the reasons stated below, the undersigned recommends BANA's motion be **GRANTED in part and DENIED in part**.

## I.   BACKGROUND

On May 23, 2024, 600 Cleveland brought a claim for breach of contract against BANA in the Circuit Court of the Sixth Judicial Circuit for allegedly violating the parties' Office Lease Agreement ("Lease"). (Doc. 1-1). On July 11, 2024, BANA removed the case to this court. (Doc. 1). On September 3, 2024, BANA filed its Amended Answer and Counterclaims. (Doc. 24). 600 Cleveland

1

sought $2,774,096.16 in costs for repair damages and $501,902.24 for lost rent. (Doc. 24). 600 Cleveland also sought $1,946,999.38 in pre-judgment interest in addition to attorneys' fees and costs. *Id.* BANA sought $160,882.01 for overpaid common area maintenance, pre- and post-judgment interest, attorneys' fees, and costs. (Docs. 81, 24).

Both parties moved for summary judgment. (Docs. 81, 85). On January 23, 2026, the court entered an order granting BANA's motion for summary judgment on 600 Cleveland's breach of contract claim. (Doc. 107). The court granted BANA's counterclaims in part, awarding it $35,063.17 and holding that the rest of the claims were barred by the statute of limitations. *Id.*

On February 9, 2026, BANA filed its motion to tax costs. (Doc. 111). 600 Cleveland concedes BANA is entitled to some costs under 28 U.S.C. § 1920, but argues BANA is only owed $14,669.22, not BANA's requested $28,484.54. (Doc. 121). 600 Cleveland argues the difference is non-taxable. *Id.*

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "one who has been awarded some relief by the court." *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (citation omitted). In awarding

2

costs, courts are limited to those listed in Section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

Section 1920 limits taxable costs to the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees related to printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and fees related to interpretation services. 28 U.S.C. § 1920. "These enumerated categories of taxable costs provided by § 1920 limit[ ] the discretion of federal courts to award costs under Rule 54(d)." *Yellow Pages Photos, Inc.*, 846 F.3d 1159, 1166 (11th Cir. 2017) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Services Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).

Once the prevailing party is established, the burden framework for taxing specific costs operates as follows. *See U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). The prevailing party bears the burden of submitting a request demonstrating the costs incurred in the case and the prevailing party's entitlement to them. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). The party opposing the taxation of costs then "has the burden to show that circumstances are such that an award of costs is not warranted in a particular case." *JES Properties, Inc. v. USA Equestrian, Inc.*, 432 F. Supp. 2d

1283, 1296 (M.D. Fla. 2006) (citing *Arcadian Fertilizer, L.P.*, 249 F.3d at 1296). "[T]o defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1355 (11th Cir. 2005) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1038–39 (11th Cir. 2000)).

## III.   ANALYSIS

As the prevailing party, BANA is entitled to an award of taxable costs under Federal Rule of Civil Procedure 54. *See Head v. Medford*, 62 F.3d 351, 354–55 (11th Cir. 1995) ("Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)[.]"). BANA requests recovery of these costs: (1) fees for service of subpoenas on third parties of $320; (2) fees to the Clerk of Court of $600; (3) fees for witnesses of $200; (4) fees for transcripts necessarily obtained of $22,134.54; and (5) fees for copies necessarily obtained of $5,230.03. (Doc. 111).  600 Cleveland partially opposes BANA's request. (Doc. 121).

### A.   FEES TO THE CLERK, MARSHAL, AND WITNESSES

Fees for service of process by private process servers may be taxed under Section 1920, so long as the rates do not exceed those of the United States Marshals Service under 28 U.S.C. § 1921. *See Beach-Mathura v. Am. Airlines, Inc.*, 571 F. App'x 810, 812 (11th Cir. 2014) (citing *W&O, Inc.*, 213 F.3d at 620. Fees of the Clerk are also taxable under 28 U.S.C. § 1920(1). "[W]hen the

4

documentation from a private process server does not indicate the time expended to effectuate service or does not indicate the additional costs incurred by the private process server, courts limit recovery to the hourly rate charged by the U.S. Marshal for service." *Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-CV-557-T-27EAJ, 2015 WL 12839237 at *8 (M.D. Fla. June 10, 2015), *report and recommendation adopted*, No. 8:12-CV-557-T-27EAJ, 2016 WL 355490 (M.D. Fla. Jan. 29, 2016). "The applicable rate for service by the Marshals Service is $65.00 per item served." *Boblitt v. BP Expl. & Prod., Inc.*, No. 8:20-CV-1637-CEH-AAS, 2026 WL 776121 at *2 (M.D. Fla. Mar. 2, 2026), *report and recommendation adopted*, No. 8:20-CV-1637-CEH-AAS, 2026 WL 773356 (M.D. Fla. Mar. 19, 2026); *see* 28 C.F.R. § 0.114(a).

BANA requests $600 for fees of the clerk and $320 for fees for service of summons and subpoena for the service of subpoenas on third parties, Clearwater Offices, LLC and JRES. (Doc. 111, p. 5, 111-1). 600 Cleveland does not oppose these fees in its response. However, "a court may only tax costs as authorized by statute." *W&O, Inc.*, 213 F.3d at 620. BANA's Bill of Costs reflects a private process server conducted service and does not indicate the time spent to effectuate service. Therefore, the applicable rate is $65.00 per item served. Because the Bill of Costs includes three invoices for service the undersigned recommends BANA is entitled to recover **$195** in fees for service of the summons and subpoena. (Doc. 111-1, pp. 14−16).

Accordingly, the undersigned recommends that BANA recover **$795.00** for fees of the clerk and service of summons and subpoena. *See W&O, Inc.*, 213 F.3d at 624 (finding that the courts can tax costs for a private process server's fee).

BANA also seeks $200 in witness attendance fees for five witnesses at the statutorily prescribed rate of $40.00. (Doc. 111-1); *see* 28 U.S.C. § 1821. Witness fees are taxable as costs under Section 1920(3), and the amount is limited to $40. *See generally e.g.*, *Williams v. Target Corp.*, No. 3:10-CV-367J-37JRK, 2012 WL 13098497 (M.D. Fla. Feb. 7, 2012). 600 Cleveland does not oppose these fees. Accordingly, the undersigned recommends BANA recover **$200** in witness fees.

## B.   FEES FOR PRINTED OR ELECTRONICALLY RECORDED TRANSCRIPTS NECESSARILY OBTAINED FOR USE IN THE CASE

The undersigned addresses the taxability of BANA's deposition costs in three parts: (1) the core transcript costs for all eleven depositions; (2) the video deposition costs for Ikajevs and Jahreis; and (3) the ancillary add-on charges across all depositions.

### a.  Core Transcript Costs

Section 1920(2) authorizes the taxation of deposition costs. *W&O, Inc.*, 213 F.3d at 620. "The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or

6

partially 'necessarily obtained for use in the case.'" *Id.* (quoting U.S.C. § 1920(2)). A deposition transcript submitted by a party in support of a summary judgment motion is necessarily obtained and taxable. *Shed v. Univ. of S. Fla. Bd. of Trs.*, No. 23-13746, 2025 WL 1540573, at *6 (11th Cir. 2025) (citing *W&O, Inc.*, 213 F.3d at 620). A deposition not used in support of summary judgment may still be necessarily obtained and taxable. *See W&O Inc.,* 213 F.3d at 622 (looking to whether the depositions were reasonably necessary). The party challenging the cost must show that the "depositions were not related to an issue in the case when the depositions were taken." *Shed*, 2025 WL 1540573, at * 6 (quoting *W&O Inc.*, 213 F.3d at 622).

Here, BANA seeks to recover the costs of eleven transcripts of depositions. (Doc. 111). Ten of the eleven depositions were cited in support of BANA's motion for summary judgment and related briefing, and as such, they are necessarily obtained and taxable. *See W&O Inc.*, 213 F.3d at 620. The eleventh deposition is of an individual that would have appeared at trial if necessary. (Doc. 111). 600 Cleveland does not argue that this eleventh deposition was unrelated, unnecessary, or untaxable.

Accordingly, the undersigned recommends that BANA recover the core transcript costs for each deposition as follows: Taulbee ($847.00); Chelepis ($864.00); Ikajevs ($1,063.35); Hires ($1,786.20); Azdell ($1,971.50); Jahreis ($2,031.45); Jacob ($2,453.75); McCarthy ($490.00); Garriott ($595.00); Foster

7

($808.00); and Ameli ($639.00). *See Shed*, 2025 WL 1540573, at *6. These amounts total **$13,549.25** in taxable core transcript costs.

### b. *Video Deposition Costs*

The Eleventh Circuit holds that when a party notices a deposition to be recorded by video "and no objection is raised at that time by the other party to the method of recordation pursuant to Federal Rule of Civil Procedure 26(c), it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996). However, "the prevailing party must still explain the necessity of obtaining both regular transcripts and videotaped copies for these costs to be taxable." *Schalamar Creek Mobile Homeowner's Ass'n, Inc. v. Adler*, No. 8:19-cv-291-TPB-AEP, 2021 WL 6617451, at *9 (M.D. Fla. Dec. 7, 2021), *report and recommendation adopted sub nom. Atwood v. Adler*, 2022 WL 180794 (M.D. Fla. Jan. 20, 2022); *see Morrison*, 97 F.3d at 465 (noting that the prevailing party failed to explain why it was necessary to obtain video copies for use in the case); *Yellowfin v. Yachts, Inc. v. Barker Boatworks, LLC*, No. 8:15-cv-990-T-23TGW, 2018 WL 3769953, at *1 (M.D. Fla. Aug. 9, 2018) ("Although *Morrison*…permits taxing the cost of a videotaped deposition, under *Morrison* recovering the cost of a videotaped deposition requires showing the necessity for a videotape. [The movant], who fails to explain cogently the

8

necessity of this action for both a typed copy and a videotaped copy of a deposition, can recover only the cost of a typed deposition.").

Here, the invoices reflect that BANA obtained both a written transcript and a video recording for Ikajevs and Jahreis's depositions. (Doc. 111-1, pp. 6–8, 11). BANA's motion does not explain why both formats were necessary and only states that they were "necessarily obtained during the course of litigation"—a justification that speaks to the necessity of the depositions themselves, not to the necessity of obtaining them in dual format. (Doc. 111, p. 6). Because BANA has not carried its burden of explaining why both formats were crucial, the video costs for Ikajevs and Jahreis's video depositions are not taxable.[1]

### c. Ancillary Add-On Charges

Electronic Exhibit Copies. BANA seeks recovery for charges billed as "E-Exhibits B&W Copy" and "E-Exhibits Color Copy" across the Taulbee, Chelepis, McCarthy, Garriott, Foster, and Ameli depositions totaling $482.10. (Doc. 111-1, pp. 4, 5, 18–21). Section 1920 allows a court to tax copying costs when the materials copied "are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The court considers "whether the copying party needed the

---

[1] The Ikajevs transcript invoice includes a $97.80 charge for "Transcript Supplemental Surcharges [Video Processing]." (Doc. 111-1, p. 8). This surcharge is expressly tied to the video recording of the deposition and is therefore denied for the same reason as the video costs.

deposition exhibits copied, or whether the deposition exhibits were otherwise available." *Saint Hubert v. Gulf Hosp. Mgmt.*, 8:23-CV-02799-CEH-NHA, 2025 WL 2955789, at *4 (M.D. Fla. Sept. 8, 2025); s*ee W&O Inc.*, 213 F.3d at 623 ("[T]he court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue.").

The party seeking taxable costs bears the burden "of showing that copies were necessary and not made merely for counsel's convenience." *Saint Hubert*, WL 2955789, at *4. The court has declined awarding taxable costs when the prevailing party "provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel." *Thayer v. Randy Marion Chevrolet Buick Cadillac, LLC*, No. 6:19-cv-784-GAP-LRH, 2021 WL 4994033, at *9 (M.D. Fla. Oct 4, 2021) (citation omitted), *report and recommendation adopted*, 2021 WL 4991525 (M.D. Fla. Oct. 27, 2021).

Here, BANA does not provide the court a basis for understanding why it needed electronic exhibit copies in black and white and/or in color. Accordingly, BANA has not carried its burden of showing that the copying costs are taxable. *See id.*

Additional Deposition-Related Costs. BANA seeks other various additional deposition-related costs across depositions including: (1) $220.00 for Litigation Support Packages; (2) $140.00 for Condensed Transcripts; (3) $220.00 for Processing and Compliance; (4) $100.00 for Remote Platform

Support; (5) $518.70 for Exhibits; (6) $640.00 for Secure Hosting & Delivery of Veritext File Suites; (7) $200 for Logistics & Processing; (8) $499.20 for Transcript Supplemental Surcharges; (9) $50.00 for a Witness Read and Sign Service; (10) $396.00 for Smart Summaries; (11) $937.50 for a Rough Draft; (12) $535.99 for a Conference Suit & Amenities; (13) $320.00 for Veritext Virtual Primary Participants; and (14) $55.00 for a Veritext Exhibit Packages.

"Courts have generally found that extra costs related to depositions fall outside the narrow scope of Section 1920, which regards as taxable only '[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case.'" *Saint Hubert*, WL 2955789, at *5; 28 U.S.C. § 1920(2); *see e.g. Porras v. United States*, No. 8:21-CV-423-JSS, 2023 WL 8520334, at *5 (M.D. Fla. Dec. 8, 2023) (declining to tax costs for "transcript technology" packages, condensed transcripts, handling and processing fees, media stock fees, overnight expedited transcript fees, administrative fees, read and sign fees, CD/DVD/flash drive duplication fees, medical/technical surcharge fees, post proceeding transcript request fees, Zoom fees, exhibit and handling package fees, and rush fees.).

Each of the additional costs sought by BANA falls outside the narrow scope of Section 1920, and BANA provides no legal authority or argument to explain why the additional costs are taxable. Therefore, the undersigned

11

recommends that the court deny BANA's request for these additional deposition-related costs.

### C.    COPIES

Section 1920(4) authorizes the recovery of the costs of making copies of any materials where the copies are necessarily obtained for use in the case. "In evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O Inc.*, 213 F.3d at 623. "The party seeking to recover photocopying costs must come 'forward with evidence showing the nature of the documents copied and how they were used.'" *Butler v. Wright*, No. 806CV165T17TBM, 2010 WL 599387, at \*7 (M.D. Fla. Feb. 16, 2010) (citing, *Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Am. Ins. Co.*, 143 F.R.D. 292, 300 (N.D. Ga. 1991). The court has refused to tax copying costs when it was "left to speculate as to the nature of the documents and how they were used." *Butler*, 2010 WL 599387, at \*7.

BANA seeks $5,230.03 in scanning costs for documents produced by 600 Cleveland's property management company in hard copy. (Doc. 111, p. 7). In support, BANA submits a single one-page invoice describing the services rendered as "Small Format Scanning up to 11x17 B/W up to 30,000 Images." (Doc. 111-1, p. 13). BANA's motion states only that "[t]he Bill of Costs shows that the costs for scanning expenses were incurred by BANA for documents

12

that were produced to BANA in hard copy." (Doc. 111, p. 8). However, the invoice does not identify which documents were scanned, to which case issues they related, or how they were used in litigation. The court cannot determine whether the scanned documents were necessarily obtained for use in the case as Section 1920(4) requires. Therefore, BANA has not met its burden. *See Schalamar*, 2021 WL 6617451, at *9 ("Failing to provide 'sufficient detail or supporting documentation' for taxing costs can lead to a denial of them.") (citation omitted).

Accordingly, the undersigned recommends that BANA's request for $5,230.03 in scanning costs be **DENIED.**

## IV.    CONCLUSION

Accordingly, it is **RECOMMENDED** that BANA's motion to tax costs (Doc. 111) be **GRANTED in part and DENIED in part**, and BANA be awarded **$14,544.25** in taxable costs.

**ENTERED** in Tampa, Florida, on April 21, 2026.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and

recommendations or to request an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.